IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
SEP 17 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES OF AMERICA,

v.

25-CR-242-V

JERRY ANTONIO BAINE
a/k/a Bank 3x,

Defendant.

## PLEA AGREEMENT

The defendant, JERRY ANTONIO BAINE a/k/a Bank 3x, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Superseding Information which charges a violation Title 18, United States Code, Sections 371, 922(a)(1)(A), 923(a), and 924(a)(l)(D) (conspiracy to engage in the firearms business without a license), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of not more than 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. <u>ELEMENTS AND FACTUAL BASIS</u>

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a. that an agreement existed between two or more people to willfully engage in the business of dealing in firearms, without being a licensed firearm importer, manufacturer, dealer, or collector;

b. that an agreement existed between two or more people to willfully sell firearms to an individual, that individual not being a licensed importer, manufacturer, dealer, and collector of firearms;

c. that the defendant knowingly and willfully became a member of the conspiracy;

d. that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Superseding Information; and

e. that the overt act was committed to further some objective of the conspiracy.

## <u>FACTUAL BASIS</u>

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. Beginning on or about March 25, 2023, and continuing until on or about June 23, 2025, in the Western District of New York, and elsewhere, the defendant, JERRY ANTONIO BAINE a/k/a Bank 3x, did knowingly and willfully combine, conspire, and agree together with Hassian Humphrey and with others, known and unknown, to commit the following offense against the United States, that is: the defendant and Humphrey, not being licensed importers, manufacturers, dealers, and collectors of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(l)(D).

b. Specifically, between March 25, 2023, and June 23, 2025, the defendant sent Humphrey photographs of approximately nineteen firearms. Several of the photographs depicted privately manufactured firearms, bearing no serial number. On multiple occasions, the defendant indicated that the firearms depicted in the photographs were for sale, and he and Humphrey would often discuss a potential sale price for the firearms. On one occasion the defendant indicated to Humphrey that a sale price proposed by Humphrey would not leave him with enough "profit" from the sale. When discussing certain firearms via text message, the defendant and/or Humphrey used the terms "ghost" and "p80". These terms are commonly used to refer to privately manufactured firearms bearing no serial number.

c. During the timeframe of the conspiracy, the defendant purchased multiple firearms from retail establishments in North Carolina. One of these firearms, a Combat Armory, 9mm handgun, bearing serial number 999011085, was recovered in a separate criminal investigation in Buffalo, New York, on July 4, 2024. That firearm was purchased by the defendant from a retail establishment in North Carolina on April 19, 2024. Another one of those firearms, a Bear Creek Arsenal, model BCA15, .556 caliber rifle, bearing serial number A132259, was recovered in a separate criminal investigation in Buffalo, New York, on June 19, 2026. That firearm was purchased by the defendant from a retail establishment in North Carolina on or about August 15, 2025.

d. On or about October 4, 2024, the defendant was interviewed by members of the ATF. During the interview, among other things, the defendant stated in sum and substance, that he purchased multiple firearms for Humphrey in North Carolina, including a Combat Armory handgun and a PSA Daggar handgun. The defendant also confirmed that he had knowledge that Humphrey and another individual were reselling the firearms in New York. The defendant explained that he sold the firearms to Humphrey because he was unemployed and needed the money.

e. The defendant was interviewed by law enforcement after he was arrested on or about January 22, 2026. Among other things, in sum and substance, the defendant admitted that he had sold an un-serialized firearm "frame" to Humphrey during the conspiracy.

f. The defendant admits neither he or Humphrey were licensed importers, manufacturers, dealers, and collectors of firearms, within the meaning of Chapter 44, Title 18, United States Code, nor were the intended New York customers of Humphrey. The defendant admits that the conspiracy involved between 8-24 firearms, including firearms that the defendant knew were not marked with a serial number.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2K2.1(a)(7) applies to the offense of conviction and provides for a base offense level of **12**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics do apply:

a. The four (4) level increase pursuant to Guidelines § 2K2.1(b)(1)(B) (offense involving 8-24 firearms); and

b. The four (4) level increase pursuant to Guidelines § 2K2.1(b)(4)(B)(ii) (offense involving a firearm not otherwise marked with a serial number).

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **20**.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **17**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **17** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **24 to 30 months**, a fine of **$10,000 to $95,000**, and a period of supervised release of not more than **3 years**. Notwithstanding this, the defendant understands

that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further

agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six (6) months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. IMMIGRATION CONSEQUENCES

16. The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

17. The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives

any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## V. GOVERNMENT RIGHTS AND OBLIGATIONS

18. The defendant understands that the government has reserved the right to:

a. Provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. Respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. Advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

d. Modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and,

e. Oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

19. At sentencing, the government will move to dismiss the open counts of the Indictment in this action against the defendant.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

21. The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statute to which the defendant is pleading guilty.

22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack, in any proceeding, including but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment of **24 to 30 months**, a fine of **$10,000 to $95,000**, and a period of supervised release of not more than **3 years**, notwithstanding the manner in which

the Court determines the sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23. The defendant understands that by agreeing not to collaterally attack the conviction or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the conviction or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of **24 to 30 months**, a fine of **$10,000 to $95,000**, and a period of supervised release of not more than **3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

25. By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

26. Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## TOTAL AGREEMENT AND AFFIRMATIONS

27. This plea agreement represents the total agreement between the defendant, **JERRY ANTONIO BAINE a/k/a Bank 3x**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: Monica J. Benjovsky
MONICA J. BENJOVSKY
Assistant United States Attorney

Dated: September 17, 2026

I have read this agreement, which consists of pages 1 through 12. I have had a full opportunity to discuss this agreement with my attorney, Connor Charles Doughtery, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

JBaine
JERRY ANTONIO BAINE
a/k/a Bank 3x
Defendant

Dated: September 17, 2026

CONNOR CHARLES DOUGHTERY, ESQ.
Attorney for the Defendant

Dated: September 17, 2026